# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9621 | **DATE** | 4/20/2004 |
| **CASE TITLE** | Henderson v. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  As stated in the attached Memorandum Opinion and Order, plaintiff's petition for an award of fees and costs pursuant to the Equal Access to Justice Act [31-1] is granted. Plaintiff is awarded attorney's fees and costs under EAJA in the amount of $19,408.42, payable to Barry A. Schultz. Enter Memorandum Opinion and Order.

(11) ■ For further detail see order attached to the original minute order.

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | 2 |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | APR 21 2004 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | JXM |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK 2004 APR 20 PM 2:53 | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 4/20/04 |
| | | | date mailed notice |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials |

Document Number **39**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE HENDERSON | ) | |
| Plaintiff, | ) ) ) | **DOCKETED** |
| v. | ) ) ) | No. 01 C 9621      APR 2 1 2004 |
| JO ANNE BARNHART<br>Commissioner of Social Security | ) ) ) ) | (Remand from Court of Appeals, No. 03-1828) |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiff, Andre Henderson ("Henderson"), was denied disability insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI") by an administrative law judge ("ALJ"). The Commissioner of Social Security Appeals Board upheld the ALJ's denial of benefits. This Court affirmed the Commissioner's decision. *Henderson v. Barnhart*, 2003 U.S. Dist. LEXIS 1532 (N.D. Ill. 2003). Henderson appealed and the Seventh Circuit Court of Appeals reversed the decision of this Court and remanded the claim for further proceedings by the Commissioner. *Henderson v. Barnhart*, 349 F.3d 434 (7th Cir. 2003). Henderson now petitions for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). For the reasons explained below, we grant plaintiff's petition.

*Background*

The facts underlying Henderson's complaint are set out in detail in our previous opinion, *Henderson*, 2003 U.S. Dist. LEXIS 1532. Therefore, we will only provide a

brief recitation here. Henderson applied for disability benefits on June 22, 1999, alleging that he suffered from asthma, hypertension, obesity and mental impairment. After his claim was denied by the Commissioner, Henderson requested a hearing before an ALJ. On September 5, 2000, the ALJ held an administrative disability hearing and issued a written opinion denying Henderson disability benefits. Specifically, the ALJ found that Henderson's asthma, hypertension and borderline intellectual functioning did not prevent him from performing his past relevant work as a school bus driver or as a medical courier. R. 21.

Henderson filed suit seeking judicial review of the ALJ's decision. On January 31, 2003, this Court found that the ALJ's decision was reasonable and that he had explained his rationale sufficiently to build a logical bridge for later review. *Henderson*, 2003 U.S. Dist. LEXIS 1532. The Court of Appeals disagreed, finding that the ALJ failed to sufficiently probe Henderson's capacity to be a school bus driver and failed to articulate a reasoned basis for his ruling that Henderson could drive a car. *Henderson*, 349 F.3d at 436. Therefore, the Seventh Circuit concluded that the ALJ's ruling could not stand. *Id.*

### *Standard of Review*

Under the EAJA, a prevailing party, other than the government, is entitled to attorney's fees if the position of the Commissioner was not "substantially justified" or if special circumstances make an award unjust. 28 U.S.C. §2412(d)(1)(A). The Commissioner does not dispute that Henderson is a prevailing party and acknowledges that his claim was reversed and remanded by the Court of Appeals pursuant to

sentence four of 42 U.S.C. 405(g). *See Shalala v. Schaefer,* 509 U.S. 292, 296-297 (1933). Nor does the Commissioner claim any special circumstances that would make an award unjust. In this case, the only issue is whether the Commissioner's position was substantially justified.

The government has the burden of proving that its position was substantially justified. *Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir. 1994). The Commissioner's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* (quoting *Pierce v. Underwood,* 487 U.S. 552, 566 n.2 (1988)); *see also Corder v. Massanari,* No. 00 C 2714 2001 WL 1355986 (N.D.Ill. Nov. 1, 2001) (citations omitted). Demonstrating substantial justification requires that the government show "that its position was grounded in: 1) a reasonable basis in the truth for the facts alleged; 2) a reasonable basis in law for the theory propounded; and 3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Construction Co.,* 200 F.3d 1076, 1080 (7th Cir. 2000)(citing *Phil Smidt & Son, Inc. v. NLRB,* 810 F.2d 638, 642 (7th Cir. 1987) (internal citations omitted)).

The burden of demonstrating substantial justification rests with the Commissioner, and there is no presumption that a prevailing party is entitled to fees. *Marcus,* 17 F.3d at 1036. Moreover, the fact that this Court previously ruled in favor of the Commissioner does not establish that the government's position was substantially justified. *See Pierce,* 487 U.S. at 565. Where a district court's ruling has been reversed, "the touchstone for the Court's analysis is the Seventh Circuit's evaluation of

3

the ALJ's ruling and not this Court's previous review of the merits." *Zurawski v. Massanari*, No. 99 C 2819, 2001 U.S. Dist. LEXIS 12725 at *7 (N.D.Ill. Aug. 21, 2001).

*Analysis*

In the instant case, the Seventh Circuit concluded that "[t]he sole ground on which the administrative law judge denied benefits was that he thought Henderson capable of doing his previous work as a school bus driver and later a medical courier driver." *Henderson*, 349 F.3d at 435. Both the ALJ and the Commissioner gave great weight to the fact that Henderson, while experiencing some of his claimed impairments, performed the duties of a bus driver for six and a half years and stopped only because his Commercial Drivers License (CDL) expired. The Seventh Circuit noted, however, that "the fact that a person holds down a job doesn't prove that he isn't disabled . . ." *Id*. Given Henderson's "low IQ, medley of serious health problems, and reading difficulties" the Seventh Circuit considered Henderson unfit for the job of a bus driver and stated that "the ALJ's finding that Henderson is able to return to his previous work as a school bus driver is untenable." *Id*.

The government contends that even though the Commissioner's interpretation of the record was different from the evaluation made by the Court of Appeals, it was still reasonable to conclude that Henderson's impairments were not disabling and did not prevent him from driving a school bus. In support of its claim, the government points to evidence in the record that Henderson did not seek treatment for any impairment except for hypertension, that no physician found him to have any limitations on account of either heart disease or obesity, and the fact that Henderson admitted that only one or

4

two aspirin would make his headaches go away. With respect to Henderson's borderline mental functioning, the government argues that Henderson did not seek treatment for his mental functioning problem, nor was he advised to seek such treatment. However, the ALJ did not include any of these factors noted by the government as part of the basis for his decision that Henderson is not disabled. As the reviewing court, we must look at the grounds actually provided by the ALJ in reaching his decision, not grounds on which he could have based his decision. *O'Conner v. Sullivan*, 938 F.2d 70, 73 (7th Cir. 1991); *Banks v. Barnhart*, 2003 U.S. Dist. LEXIS 14823 *8 (N.D. Ill. 2003) (holding that the court's review of an administrative decision is limited to grounds provided by the agency). The Seventh Circuit noted that "the evidence presented by Henderson was not conclusive, but it was sufficient to require the administrative law judge to probe Henderson's capacity to be a school bus driver more deeply." *Henderson*, 349 F.3d at 436.

Next, the Seventh Circuit found that making deliveries by car was a less responsible job than driving a school bus, but "the administrative law judge accepted the evidence of one of the medical experts[1] that Henderson is incapable of performing (safely) a job that requires the use of hazardous machinery, which seems a fair description of an automobile driven in Chicago, or the making of critical judgments, which driving involves." *Id.*

The Commissioner asserts that the ALJ did not accept Dr. Kuester's opinion in

---

[1] According to the medical record, the medical expert referred to by the Seventh Circuit is Dr. Kuester.

5

its entirety. The ALJ did not mention Dr. Kuester by name, but did state that he had "carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments." R.21. The Commissioner's contention that "the ALJ did not accept Dr. Kuester's opinion in its entirety" is without basis. The ALJ explicitly rejected only two medical findings in his decision. First, the ALJ found that one medical consultant's expectation that Henderson can do more than light exertion was "unjustified" because the consultant's expectation was inconsistent with the rest of the medical evidence. R. 20. The ALJ also rejected a conclusion made by Dr. Rizzo regarding Henderson's ability to accept and respond appropriately to criticism. The ALJ's rejection of Dr. Rizzo's conclusion was limited to this single point.

The ALJ agreed with the medical assessment of Henderson's mental impairment severity and mental residual functional assessment. R.20. The ALJ stated that the vocational expert testified that Henderson retained the physical and mental functional capacity to return to either of his prior relevant jobs. However, given the whole of Dr. Rizzo's medical opinion, the vocational expert also testified that the cumulative effect of Henderson's impairments precludes the ability to work in general. R. 74.

The Seventh Circuit found that "[h]aving accepted this evidence, the judge failed to connect it with the issue of whether Henderson could perform a job that consists entirely of driving." *Henderson,* 349 F.3d at 436. Because, as the Seventh Circuit found, the ALJ failed to "build a bridge between the record and the conclusion that Henderson can do the work of a driver," *id.,* the Commissioner's position was not substantially justified. *See Zurawski,* 2001 U.S. Dist. LEXIS 12725 at *10

(commissioner's position not substantially justified where ALJ fails to build bridge between the evidence and the conclusion).

Following the Seventh Circuit's analysis, this Court finds that the government has failed to meet its burden to show that its position was substantially justified within the meaning of the EAJA. Accordingly, an award of fees under the EAJA is appropriate.

*Fees*

The Commissioner does not dispute the hourly rates, costs, or reasonableness of the attorney's fees sought. Henderson's district court and appellate counsel performed work on the case for 1.75 hours in 2001 at a rate of $142.90 per hour; 20.75 hours in 2002 at a rate of $144.58 per hour; and 99.1 hours in 2003 at a rate of $145.86 per hour. To this, 1.6 hours at a rate of $75 per hour are added for paralegal time, along with costs in the amount of $416.70. This totals $18,241.54.[2] In a Supplemental Fee Petition, Henderson also requests an additional 8 hours for preparation of his EAJA reply brief at $145.86 per hour, for a total of $1,166.88. Henderson is entitled to these fees as well. *See Banks v. Barnhart*, 2003 U.S. Dist. LEXIS 14823 at * 3 (plaintiff is entitled to fees for time spent preparing an EAJA petition) (citing *Commissioner, INS v. Jean*, 496 U.S. 154, 162 (1990)). In total, Henderson requests $19,408.42.[3]

---

[2] By our calculation, Henderson's total fees and costs are $18,241.54. However, his brief requests $18,124.47, which we believe is a computational error. Therefore, we will award plaintiff's counsel our corrected figure. However, we note that we have decreased plaintiff's fees by $2.93 because counsel calculated the 2001 district court hours at the 2002 hourly rate.

[3] We reached this total by adding $1,166.88 to our corrected $18,241.54 figure. Henderson requests a total of $19,138.60 because he added $1,166.88 to his incorrect $18,124.47 figure.

*Conclusion*

We find Henderson's requested fees reasonable and award attorney's fees and costs under EAJA in the amount of $19,408.42, payable to Barry A. Schultz. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: April 20, 2004